HATCH HILLER *v.* THURSA A. LAMKIN.

1. ATTACHMENT AGAINST NON-RESIDENT. *Sale of garnishee's land. Bond.*
   *Sect.* 1479, *Code* 1871.

   If, on attachment against a non-resident debtor, the plaintiff, after
   obtaining judgment by default, on proof of publication, fails to give
   the bond required by § 1479, Code 1871 (art. 23, p. 379, Code 1857),
   before execution issued against a garnishee, or sale thereunder, the
   sale is utterly void and passes no title to the purchaser; and a title
   subsequent to the judgment against the garnishee will prevail in
   ejectment over the title of the purchaser at such sale.

2. SAME. *Presumption as to giving of bond. Case in judgment.*

   Judgment, in a non-resident attachment suit, having been rendered by
   default, on proof of publication, against the attachment debtor on
   March 5, 1866, and a judgment against the garnishee on the same
   day, an execution on the latter judgment, returnable to the September
   Term, 1872, was levied on the garnishee's land, which was sold on
   June 3, 1872. No bond, as required by § 1479, Code 1871 (art. 23,
   p. 379, Code 1857), was found among the papers, nor any entry of the
   approval of such bond by the court, nor was any evidence found that
   such a bond had been given. *Held,* in an action of ejectment against
   the purchaser at the execution sale, who was also assignee before sale
   of the judgment, that the facts did not warrant the inference that a
   bond was given.

ERROR to the Circuit Court of Pike County.

Hon. JAMES M. SMILEY, Judge.

This was an action of ejectment brought against Hatch
Hiller by Thursa A. Lamkin. Title was claimed by each
party through the same source; namely, one W. F. Cain. Mrs.
Lamkin claimed as purchaser of the land at a commissioner's
sale, under a decree of the Chancery Court of Pike County,
foreclosing a mortgage executed by W. F. Cain to John Lam-
kin, on June 7, 1867. Hiller claimed as purchaser at an exe-
cution sale under a regularly enrolled judgment rendered by
the Circuit Court of Pike County, on March 8, 1866, against
W. F. Cain as garnishee, in the suit of *Bythel Haynes et al.* v.
*John C. Burden,* the defendant being a non-resident, against
whom, on publication, a judgment had been previously en-
tered by default. Hiller was assignee of the judgment, sued

out the execution, and at the sale, on June 3, 1872, became the purchaser and took possession of the land.

On the trial, which was on an agreed case, by consent, before the court without a jury, the defendant Hiller relied upon his judgment against Cain as garnishee, and the sale thereunder. The plaintiff controverted his title on the ground that no bond had been given under the foreign attachment law, according to art. 23, p. 379, Code 1857, or under § 1479, Code 1871, after judgment and before execution issued, and claimed that by reason of this failure on the part of the plaintiff in attachment or his assignee the sale was void.

There was an issue of fact between the parties as to whether a bond had been given. None was found, and there was no evidence that one had ever existed. The defendant, however, insisted that the issuance of the execution and proceedings thereunder afforded a conclusive presumption that the bond had been given, in the absence of positive proof to the contrary.

The court decided for the plaintiff both upon the law and the facts, and the defendant prosecutes this writ of error.

*Cassedy & Stockdale*, for the plaintiff in error.

1. The facts agreed upon in the record do not sufficiently show that the bond required by § 1479, Code 1871 (art. 23, p. 379, Code 1857) was not given, so as to authorize the defendant in error in this collateral proceeding to assail the execution emanating from the judgment against W. F. Cain as the garnishee, and the sale of the land in controversy under the same, as void. In this proceeding, under those facts, the execution and sale must be regarded as valid, and as conferring on the plaintiff in error the paramount title to the land. *Voorhees* v. *Bank of the United States*, 10 Pet. 449 ; *Cooper* v. *Reynolds*, 10 Wall. 308 ; *Biggs* v. *Blue*, 5 McLean, 148 ; *Bell* v. *Flaherty*, 45 Miss. 694.

2. Neither the intent of the legislature in the enactment of the statute, nor its language, renders void the sale of a garnishee's property where no bond has been given. The sale of a garnishee's property is neither within the letter, nor the evil provided against. *Oldham* v. *Ledbetter*, 1 How. (Miss.) 43, and *Berry* v. *Anderson*, 2 How. (Miss.) 649,

do not involve the question as to the application of the statute to sales of property under a judgment against the garnishee.

3. The failure of the plaintiff in attachment, after judgment, to give the bond, does not render an execution issued against the garnishee on a valid judgment, void, but simply erroneous, premature and, voidable in a direct proceeding by the parties interested. The statute which restricts the issuance of an execution to a year and a day without revival of the judgment, is in substance as prohibitory as the section of the law under consideration. Yet such an execution is held erroneous merely, not void. The sale confers a good title, and the execution cannot be attacked collaterally on a trial affecting the property. *Mitchell* v. *Evans*, 5 How. (Miss.) 548; *Sumner* v. *Moore*, 2 McLean, 59; *Childs* v. *McChesney*, 20 Iowa, 431; *Willard* v. *Whipple*, 40 Vt. 219; *Erwin* v. *Dundas*, 4 How. (U. S.) 58; *Thompson* v. *Tolmie*, 2 Pet. 157; *Henry* v. *Ferguson*, 1 Bailey, 512. An execution issued against an absent defendant, without the previous filing of a bond pursuant to the statute, cannot be avoided collaterally, but is good until superseded. *Gardiner Manuf. Co.* v. *Heald*, 5 Greenl. 381.

Where the court has jurisdiction to render the judgment and direct the clerk to issue the execution, which conforms to the judgment, and a levy and sale take place thereunder, it is too late, in an action of ejectment involving the title to the land, to question mere irregularities in the issuance of the execution. *Cooper* v. *Reynolds*, 10 Wall. 315; *Doe ex dem. Starke* v. *Gildart*, 4 How. (Miss.) 267; *Wheaton* v. *Sexton*, 4 Wheat. 503, 506.

Neither Cain nor his assignee, Lamkin, who stands in his place by virtue of the mortgage sale, can quietly suffer the sale to be consummated, and afterwards be heard to question its validity in a collateral proceeding. *Armstrong* v. *Jackson d. Elliott*, 1 Blackf. 210; *Childs* v. *McChesney*, 20 Iowa, 431; *Sumner* v. *Moore*, 2 McLean, 59.

To sustain the position, that, because Hiller was the assignee of the judgment, he is not within the rule applicable to *bona fide* purchasers, counsel cite *Winston* v. *Otley*, 25 Miss. 451,

which is not in point. The decision in *Doe ex dem. Starke* v. *Gildart*, 4 How. (Miss.) 270, is directly to the contrary, and sustains the rule for which we contend. That case is analogous to the case at bar in the principle involved.

4. Owing to the lapse of time from the rendition of the judgment against the garnishee on March 5, 1866, up to the sale of the garnishee's land on June 3, 1872, the purpose of the statute with reference to the absent defendant in attachment, in requiring the bond, had been accomplished. He had his year and a day, and at the date of the sale no bond was necessary by virtue of § 1480, Code 1871.

*Harris & George* and *D. W. Hurst*, for the defendant in error.

1. The failure to give the bond is not simply an irregularity rendering the execution issued and the sale under it voidable at the option of the garnishee. There being a positive prohibition in the statute, addressed to the plaintiff, to sue out execution or to sell under it, such sale is " utterly void " in the words of the statute, which means that it is void as to everybody, to all intents, and for any purpose. The legal value of this bond, and the consequences resulting from the failure to give it, were deliberately determined by the ablest of our judges, before the codes were adopted, under the act of 1822. Hutch. Code, 807, §§ 25, 26 ; *Oldham* v. *Ledbetter*, 1 How. (Miss.) 43 ; *Berry* v. *Anderson*, 2 How. (Miss.) 649.

The High Court of Errors and Appeals held that the provision of that statute, requiring the plaintiff before " *such sales* " to give bond, applied alike to sales of the property of the garnishee and to the property attached and in the sheriff's hands ; and although that statute did not declare such sales void, yet the court held them void. The court having held, under the act of 1822, that execution might legally issue, though no sale could take place without bond, the codes of 1857 and 1871 made such sales " utterly void," and put the provision in the form of a prohibition to sell or to issue execution. Sergeant, in his work on Attachment, 35, 36, traces the rule, requiring the plaintiff to give bond, in a foreign attachment, conditioned that he will restore the property or its value, if the foreign debtor shall appear and avoid the debt within a year and a day. It

is borrowed from the custom of London. Instead of requiring bond before writ issued, the bond was required before the appropriation by sale. It was held always that this bond was indispensable to give any efficacy to the seizure or to the judgment. It is the vital principle of the proceeding. *Lewknor* v. *Huntley*, Croke Eliz. 713 ; *Myers* v. *Urich*, 1 Binney, 25.

It seems a perversion of sound reason to contend that the plaintiff in the attachment, or his assignee, may, in violation of the statute, and against its positive prohibitions, sue out execution, and by that means possess himself of the property of the debtor or of the garnishee. The manifest purpose of the law is to render the seizure, and the judgment against the garnishee, alike inoperative, until this bond shall be given. The provisions of the statute, being designed to protect the rights of the· non-resident, are mandatory, and render the acts in violation of them void. *Koch* v. *Bridges*, 45 Miss. 247.

The authorities cited by adverse counsel are inapplicable, because, as respects statutory proceedings against non-resident and absent debtors, the policy of our State is peculiar ; and our statutes spring from this local policy. Drake on Attachment, 12 *et seq.*, 19, 121, 123 ; 1 How. 669 ; 2 S. & M. 260 ; 4 S. & M. 683 ; 12 S. & M. 514.

2. The counsel then contended that the presumption from the facts was that no bond had been given; citing 1 Greenl. on Evid. §§ 78, 79.

3. Sect. 1480 has no reference whatever to a sale of property under the judgment against the garnishee, but refers obviously to the property attached and in the officer's hands. It has no other significance, and gives no support to the position that execution may issue and a sale take place without bond.

4. Hiller, being assignee of the judgment before sale, is not entitled to the protection of a *bona fide* purchaser. *Winston* v. *Otley*, 25 Miss. 451.

SIMRALL, C. J., delivered the opinion of the court.

The land in controversy was the property of the late W. F. Cain. The plaintiffs in error claim that the title has vested in them, by virtue of the sale under the judgment against Cain. Mrs. Lamkin, the defendant in error, insists that she has ac-

quired the title, under the foreclosure decree, and the purchase at that sale. Admitting that the judgment is older than the mortgage under which her title accrued, she asserts a better right, because the sale under the execution to Hiller is void, the judgment creditor not having executed the prescribed bond before suing out the process.

An attachment suit was brought against one John C. Burden, as a non-resident; garnishment process was served on Cain, who answered, admitting indebtedness. A final judgment, on proof of publication, was rendered against Burden, and judgment was entered up against Cain on his answer. Several years after the rendition of this judgment against Cain, an ordinary *fieri facias* was issued, and was levied on the land, which was sold, Hiller (who was also assignee of the judgment) becoming the purchaser. After his purchase, he entered upon the land; when Mrs. Lamkin brought ejectment to recover the possession.

The questions of law are two : First, Was the sale to Hiller void, if the bond prescribed in such case was not given? Second, Do the agreed facts warrant the inference that the bond was given?

Sect. 1479, Code 1871, requires, where the judgment goes by default, upon proof of publication, a bond to be given by the creditor, before any sale shall be made or execution issued against any garnishee, conditioned that if the defendant shall appear within a year and a day, and disprove the debt, then the plaintiff shall restore the money received towards the satisfaction of his demand, or so much thereof as shall be disproved or avoided; and any sale made without such bond being given shall be utterly void. This section is a copy of art. 23, p. 379, Code of 1857.

The bond must be made " before any *sale*," " or execution issued against any garnishee." The words plainly refer to two things : First, a " sale," which provides for a case where the officer has served the writ on property, and has, if personal effects, the property in possession, and when all that final process would or could do, would be to ascertain the value by sale. The language of the court in *Oldham* v. *Ledbetter*, 1 How. (Miss.), 43, 48, was, " An attachment, being a proceeding *in rem*, operates by a levy, an assignment in law,

of choses in action and a transfer of chattels and lands to the creditor." Hence the court concluded that the sale is made " to ascertain value." Since a sale of property attached could be made by a special writ, the statute refers to such " sales." Second, The prohibition extends also to the issuance of execution against the garnishee. The effect of the statute is to suspend altogether any further steps being taken under the judgment against the absent debtor, and the judgment against the garnishee, until the bond has been executed. That result is completely attained when a *sale* of the property attached, and the issuance of execution against the garnishee, are prohibited. For it is only in the one mode or the other that it is possible to obtain satisfaction. The statute is mandatory, and declares that a sale made without giving the bond shall be " utterly void." The language is, " any sale ; " that is, a sale either of the attached property, or under execution against the garnishee. We are constrained to think that the prohibition in the first clause of the section, to " sell," or to issue execution, and the denunciation in the last clause of a sale, where no bond is given, as being " utterly void," completely bar the creditor from any steps to secure satisfaction, until he has given bond. And the issuance of the execution and sale of the garnishee's property would not pass the title. Such was the interpretation put on the act of 1822, in *Oldham* v. *Ledbetter, ubi supra.* The bond is an indemnity for the 'absent debtor, so that if his property is sold, or if his debtor is garnished and pays the judgment, he may be refunded whatever of the debt he shall, within the year and day, come into court and disprove and avoid. The purchaser, either of the attached property, or of the garnishee's, sold under execution, shall not be disturbed or the property recovered back; but, in lieu of that, the debtor shall be reimbursed in money to the extent that he avoids the debt. The conclusion of the court in the case cited is entirely correct, that " the legislature intended, in all cases where either chattels or lands are to be sold, or money to be paid by the garnishee, bond with security should be required of the attaching creditor."

We conclude, therefore, that the sale of Cain's lands under

the execution, against him as garnishee, is void, and passed no title to Hiller, unless the bond was given.

Can it be inferred from the agreed facts that a bond was executed?

"It is admitted that no bond . . . has been found in the papers, or any entry on the minutes of the court, of the approval of such bond by the court, and no evidence found that such a bond has been given." Hiller, on his purchase, went into possession of the property, and was, at the date of the sale, assignee of the judgment. Judgment was rendered against Burden and Cain on March 5, 1866. Execution issued, returnable to the September Term, 1872, and the land in controversy was levied upon and sold.

Under the Code of 1857, the bond must have been approved by the court. Under the present code, the approval may be either by the court, or the clerk in vacation, and must " be filed with the papers in the cause." If the approval were by the court, we should naturally expect to find a memorial of it on the record, as the law intends that judicial acts of the court shall be noted on its minutes. But, by whomsoever approved, the legal depositary of the paper is the clerk of the court, and the place, the file of the papers in the cause. When examined, neither the minutes nor the file give any information. The agreed case goes further than this, and states that " no evidence found that such a bond has been given." This sentence follows the recital that no entry was on the minutes, nor bond on file in the papers. Does it mean that after inquiry, at all probable sources of information, — as of Haynes and wife, the original creditors, of Hiller, their assignee, of the clerk of the court, and of the presiding judge, — no evidence or information could be obtained. If all that is within the scope of the admission, then the negative testimony is very strong that a bond was not given.

But Hiller was assignee of the judgment at the date of the sale. It does not appear *when* he became assignee; but it would have been competent for him, as the real creditor, to have given the bond. Since he declined to speak on the subject, it is fair to presume that he did not give the bond.

But it is said that it must be assumed that the clerk did his

duty; and that, therefore, it must be presumed that he did not issue execution without a bond. It must be noted that the judgment was recovered in 1866, that the *fieri facias*, under which the sale was made, did not issue until 1872, and that the sale took place a few weeks afterwards. A bond given one day before the writ was sued out was just as good as one given at the date of the judgment. It is not shown that any other *fieri facias* had ever issued. The creditor would not be swift to incur such liability, until he was ready to make use of the final process.

We have been referred to the case of *Voorhees* v. *Bank of the United States*, 10 Pet. 449, which very thoroughly discusses the difference between void and voidable sales under judicial process. The statute under which that decision was made required an affidavit by the creditor; and, if not given, the *fieri facias* might be quashed. There was no provision in the statute, that, if the several acts were not done, the sale or other proceedings under the attachment should be void. The thirteenth section made the sale by the auditors, "under the authority aforesaid," binding and effectual, as if made by the defendant prior to service of attachment. The auditors were required to report to the court, when the sale would be confirmed. The learned Judge Baldwin, commenting on the several irregularities in the proceedings, concluded that they were sufficient to have procured a reversal of the judgment on error; but that, since the defendant rested under the judgment, they could not be set up to defeat the title of the purchaser under the judgment, especially since the reversal of a merely irregular and erroneous judgment would not affect the sale. Stress is laid on the absence from the statute of any declaration of voidness of sale, unless it was strictly complied with, and on the further fact, that when the court came to pass upon the report, "it rendered judgment on all the acts preceding the sale, affirming their validity in the same, as their judgment had affirmed the existence of a debt." It was a direct adjudication that the order of sale was executed according to law. The doctrine of the case is to uphold the title of a purchaser who has bought under proceedings erroneous and reversable.

In our case there is no irregularity or error in the proceedings against the defendant to the attachment, or against Cain, the garnishee. The judgment against the latter was in all respects a personal recovery, as if begun by the ordinary summons. It operated, having been enrolled, as a lien on Cain's property. But the precise objection is, that the statute imposes terms on the creditor, the non-observance of which renders any sale of property which he may cause to be made utterly void. Under the law, as it was in 1866, the date of this judgment, and as it continued to be until October, 1871, the plaintiff must have a bond approved by the *court* before he could make a valid sale. If such bond had been given before Oct. 1, 1871, the records of the court should show it. After that date it might have been approved by the clerk; and such approval would be a matter *in pais*, to be proved as any other fact.

The case of *Cooper* v. *Reynolds*, 10 Wall. 308, affirms the general proposition, that when a judgment of a court is offered in evidence, in a collateral suit, its validity cannot be questioned for such errors merely as do not extend to and affect its jurisdiction. In the case before us it has not been mooted that the judgment against Cain is invalid; but it is conceded to be perfectly regular and valid. The matter which is set up to defeat the sale is *ex post facto* the judgment.

The legislation of this State has some special features, perhaps not common to the laws of other States; and these features have given a direction to our decisions in apparent conflict with those elsewhere. Thus the statute, How. & Hutch. p. 549, § 13, declared every attachment issued without bond and affidavit . . . to be illegal and void. From that it followed that the judgment against the garnishee, if the bond and affidavit were wanting, had no support. *Ford* v. *Woodward*, 2 S. & M. 260. The view was repudiated, that it would *be presumed* that the affidavit was made and bond given. The record must show the fact.

The law means that the bond shall be a substantial security for the debtor. If Burden had appeared in court within the time after the sale, and had avoided the debt, it would have

been impossible for him to have sued upon a bond. Not being able to produce the bond, he would have been obliged to prove its existence, and who were sureties. Can it be said, on the case agreed, that he could have sustained his action ?

After careful consideration of the questions raised, we see no error.          *Judgment affirmed.*